**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 25 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-34852 |
| | ) | |
| Carl W. Layman and Lisa A. Layman, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Adv. Pro. No. 11-3147 |
| | ) | |
| Clyde W. Williams, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Carl W. Layman and Lisa A. Layman, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**ORDER RE MOTION FOR ORDER ALLOWING COUNSEL TO COMMUNICATE DIRECTLY TO DEBTORS AND FOR COURT TO SERVE DEBTORS THE MOTION DIRECTLY**

This adversary proceeding has been pending since July 28, 2011. Defendants are the Debtors in the underlying Chapter 7 case, Case No. 09-34852, in this court. Defendants/Debtors have been represented in both the Chapter 7 case and in this adversary proceeding by Attorney Beryl W. Stewart.

It has been a struggle to proceed with and ultimately to bring this adversary proceeding to

resolution due in part, in this court's observation, to Attorney Stewart's waning capability to continue effectively and competently the practice of law. Nevertheless, the adversary proceeding was scheduled for trial to occur on Wednesday October 3, 2012. The trial did not proceed, as Plaintiff reported that an agreed settlement entry would be forthcoming within 21 days. After 21 days, with no submission of an agreed entry, the court entered an order to show cause why the adversary proceeding should not be dismissed upon Plaintiff's failure to submit an Agreed Entry to the court within 21 days after the October 3, 2012, trial date. Plaintiff filed a status report on December 12, 2012, indicating that the settlement was being documented and consummated, and that the parties needed 30 more days to complete it. The court approved the status report and ordered that the Agreed Entry or a further status report must be filed on or before February 15, 2013. On February 19, 2013, a further status report was filed indicating that unexpected logistical impediments to the property swap that was the cornerstone of the parties' agreement had arisen, requesting that the court allow a further status report or set a pretrial conference with personal appearances required, a posture that distressed the court because a trial date had long ago passed due to a reported settlement.

  On March 9, 2013, Plaintiff's counsel filed the within motion. In it, she reports that she has been informed that Defendants'/Debtors' Attorney Stewart is disabled, living in long term care or assisted living situation and that repeated phone calls to his office phone number result only in a ringing phone. As Attorney Stewart had not withdrawn and no other lawyer had entered an appearance, counsel thus found herself between a rock and a hard place in being prohibited by the Ohio Rules of Professional Conduct from contacting Defendants directly to deal with this adversary proceeding while trying to be responsive to the court's case management demands. Accordingly, she requested in the motion authorization to contact Defendants/Debtors directly.

  On Tuesday March 19, 2013, during a routine Chapter 13 docket in this court, other clients of Attorney Stewart's appeared in court by themselves on a motion to dismiss their Chapter 13 case. The court inquired of them what they knew of their attorney's situation and whether they expected him to appear. They informed the court that it was their information that Attorney Stewart had recently died. After the March 19 hearings, and at the same time aware of this motion, the court undertook its own research to determine if that were in fact the case. The court located on the

internet an obituary for Attorney Stewart from the Barndt Funeral Home at www.barndtfuneralhome.org/fh/obituaries/tributes.cfm?o_id=1995974. The court takes judicial notice of this published obituary as it appears on the internet. .Fed. R. Bankr. P. 9017; Fed .R .Evid. 201(b), (c). The obituary reports that Attorney Stewart died at the age of 84 on March 4, 2013 at Hospice of Northwest Ohio in Perrysburg, Ohio, and that his wife, whom the court knew from observations in court hearings in this and other matters as well as from reports from court staff, to be Attorney Stewart's office manager, had predeceased him on February 13, 2013.

The court will therefore direct that Attorney Stewart be removed from the court docket as the recipient of further communications in both this and in the underlying Chapter 7 case. Debtors/Defendants will be allowed 30 days to locate new counsel, after which they will be deemed by the court for all purposes to be representing themselves. Further, Plaintiff shall file a further Status Report in this action on or before 60 days form the date of this order.

For good cause shown,

**IT IS ORDERED THAT** Plaintiff's Suggestion of Disability of Attorney Beryl Stewart and Motion Allowing Counsel to Communicate Pleading Directly to Debtors and for the Court to Serve Debtors This Pleading Directly [Doc. # 42] is hereby **GRANTED** to the extent provided herein; and

**IT IS FURTHER ORDERED** that the following steps shall be taken:

1. The Clerk shall show Attorney Beryl W. Stewart as "terminated" [which is, regrettably in this circumstance, the correct docket terminology] as Attorney for Defendants in this adversary proceeding.

2. The Clerk shall show Attorney Beryl W. Stewart as "terminated" as Attorney for Debtors in Chapter 7 Case No. 09-34852.

3. The Clerk shall docket a copy of this order in both this adversary proceeding and in Chapter 7 Case No. 09-34852. It shall be served by the Clerk on all creditors and parties in interest.

4. Defendants are afforded through and including **April 24, 2013**, in which to locate new counsel to represent them in this adversary proceeding. If new counsel does not enter an appearance of record for them on or before **April 24, 2013**, Defendants shall thereafter be deemed for all purposes to be representing themselves as pro se Defendants in this Adversary Proceeding.

5. Debtors are afforded through and including **April 24, 2013**, in which to locate new

counsel to represent them in the underlying Chapter 7 case, 09-34852. If new counsel does not enter an appearance of record for them on or before **April 24, 2013**, Debtors shall thereafter be deemed for all purposes to be representing themselves as pro se Debtors in Case No. 09-34852.

      6. Plaintiff shall submit an Agreed Entry or file a further Status Report herein on or before **May 24, 2013**.

###

4

11-03147-maw    Doc 43    FILED 03/25/13    ENTERED 03/25/13 14:13:08    Page 4 of 4